A. R. HOLSTON *vs.* JOHN M. BOYLE and another.

July 1, 1891.

Libel — Publication Exposing to Ridicule.—Publications calculated to expose one to public contempt or ridicule are libellous, although they involve no imputation of crime, and are actionable without a special allegation of damages.

Same—Special Damage—Pleading—Evidence. — In such an action, no special damage being alleged, it is error to receive proof that the libel had prevented the plaintiff's appointment to an office.

Impeaching Evidence.—Testimony that impeaching witnesses belonged to a village "faction" opposed to that to which the person impeached belonged is too vague and remote.

Libel in Newspaper — Notice before Suit—Service. — The notice required (by Laws 1889, c. 131) to be served before commencing an action for libel may be served elsewhere than at the office where the newspaper is published.

Appeal by defendants from an order of the district court for Polk county, *Mills*, J., presiding, refusing a new trial if plaintiff should consent that the verdict of $1,000 be reduced to $600, which condition the plaintiff accepted. The publications complained of were made in defendants' newspaper, the "Red Lake Falls News."

*Lawler & Durment,* for appellants.

*H. Steenerson* and *P. G. Falardeau,* for respondent.

DICKINSON, J. Two actions for libel were consolidated, and were tried together. The question is presented whether either of the complaints states facts constituting a cause of action. Exhibit D, one of the publications complained of, represents the plaintiff as having been assailed by an irate husband because, on different occasions, during the absence of the latter, the plaintiff had gone to his house, and used indecent language to his wife. Allusion is made to the fear of the wife to stay alone in her home, during her husband's absence, "lest she should again be assailed" by the plaintiff; and reference is further made to his "rocky conversation in the presence of unprotected women." Without reciting this publication at length,

what has been referred to is enough to show that it is upon its face libellous. *Clement* v. *Chivis*, 9 Barn. & C. 172. It would naturally expose the plaintiff to public contempt, and it was actionable, although no imputation of crime was made. Nor was it essential to the sufficiency of the complaint, as showing a cause of action, that special damages be alleged. The appellants, in their contention to the contrary, disregard the distinction between cases of slander and of libel. We are of the opinion that Exhibit B was also libellous, as being calculated and obviously intended to expose the plaintiff to public ridicule.

But, while the pleadings set forth a cause of action, there must be a new trial for error in receiving evidence to show that the libel had prevented the plaintiff's appointment or election to the office of village attorney. No reason can be assigned for such proof, except that it might affect the measure of the recovery. It was not admissible for that purpose, because the fact thus shown was in the nature of special damages, and it had not been averred in the complaint. Odgers, Sland. & L. 313, 318. The respondent recognizes the general rule applicable in such cases, but contends that our recent legislation regulating such actions, upon which the decision in *Allen* v. *Pioneer Press Co.*, 40 Minn., 117, (41 N. W. Rep. 936,) was made, has modified the general rule as to pleading and proof of such damages. The statute in no way affects the subject. It is still incumbent on the plaintiff to allege in his complaint any special damages for which he may seek compensation. Damages of such a nature that they are not to be legally inferred as a necessary or natural consequence of the libel are of this class. The failure to secure an election to a particular office would fall within the class of special damages. For this a new trial must be granted. The instruction of the court to the effect that no special damages had been proved could not prevent possible prejudice from the reception of the evidence.

In rebuttal of testimony going to impeach the plaintiff's reputation for veracity, witnesses were called who testified generally to the existence of opposing or rival "factions" in the village where the plaintiff resided, and that the impeaching witnesses belonged to the

faction opposed to that to which the plaintiff belonged. We are of the opinion that this was too vague and remote to be received as affirmative proof.

A question is raised as to whether the statute requiring the service of a notice on the publishers of a newspaper, as a condition precedent to the prosecution of an action, (Laws 1889, c. 131,) was complied with. The statute authorizes service of such notice to be made at the "principal office of publication." Whatever may be the full effect of this provision, a consideration of its purpose, that is, to enable the publisher to put forth a retraction, leads to the conclusion that it was not intended to exclude personal service of the notice upon the publishers elsewhere than at their office, provided it be made at such a place and under such circumstances as to afford reasonable opportunity to act upon it, so as to publish a retraction as contemplated by the statute. For instance, a personal notice delivered to the publisher in the town where the paper is published should be deemed as effectual as a notice left at the office of publication, and such a service is not excluded by the authority given to serve at the office where the paper is published. It was enough in this case that the notice was received by the publisher in the village where the paper was published, and was acted upon by the publication of comments upon the alleged libel.

Order reversed.