PHILLIP DRESSEL *vs.* PETER SHIPMAN.

Submitted on briefs April 3, 1894. Affirmed April 14, 1894.

No. 8708.

**A newspaper article held libelous.**

A certain published article *held* libelous *per se.*

**Proof of provocation to mitigate damages.**

In an action for libel, the defendant cannot prove a previously published article libeling him, without evidence that plaintiff caused, or had some part in causing, its preparation or publication.

Appeal by defendant, Peter Shipman, from an order of the District Court of LeSueur County, *Francis Cadwell,* J., made December 26, 1893, denying his motion for a new trial.

On October 14, 1892, the defendant composed and published in the Montgomery Messenger, a letter saying among other things that an article in the Waterville Advance was evidently written by a former county official, that such as he, would in public office plunder the people and in business swindle their creditors, that they would burn their old log houses and gull the insurance companies out of enough to build palatial mansions. The plaintiff, Phillip Dressel, had been county auditor and his house had been burned and he had collected the insurance. He claimed that defendant's letter was intended, and was understood, to refer to him and he brought this action to recover damages for the libel.

Defendant answered denying that plaintiff was the person intended or referred to in the letter. He alleged in mitigation that he wrote and published the letter in response to a defamatory and scurrilous article in the Waterville Advance referring to and concerning defendant. On the trial the jury returned a verdict for plaintiff and assessed his damages at $370. Defendant moved for a new trial and being denied appeals.

*W. H. Leeman,* for appellant.

There is no allegation in the complaint of any special damages. The publication is not actionable *per se.* It is not alleged that plaintiff held any office at the time, or that he was engaged in

any business. *Weil* v. *Altenhofen*, 26 Wis. 708; *Schmidt* v. *Witherick*, 29 Minn. 156.

Nor does it charge the plaintiff with the commission of a public offense for which he could be prosecuted. The only part of the letter that can be claimed to be libellous on its face is the following; "They will burn their old log houses and gull the insurance companies out of enough to build palatial mansions." The verb is used in the future tense. It does not charge any overt act; the defendant could not plead the truth in justification of such a charge. *Bays* v. *Hand*, 60 Ia. 251; *Carlson* v. *Minnesota Tribune Co.*, 47 Minn, 337; *Van Vechten* v. *Hopkins*, 5 Johns. 211; *Purdy* v. *Rochester Printing Co.*, 96 N. Y. 372.

*Thomas Hessian*, for respondent.

The letter is libelous on its face and clearly so in connection with the averments and matters of inducement alleged and set out in the complaint. It was well calculated to subject the plaintiff to scandal and suspicion and expose him to contempt and hatred. *Powers* v. *Du Bois*, 17 Wend. 63; *More* v. *Bennett*, 48 N. Y. 472; *Petsch* v. *Dispatch Printing Co.*, 40 Minn. 291. No allegation of special damages was necessary. The defendant disregards the distinction between cases of slander and libel. The cases cited are all cases of slander. *Holston* v. *Boyle*, 46 Minn. 432; *Pollard* v. *Lyon*, 91 U. S. 225; *Sanderson* v. *Caldwell*, 45 N. Y. 398.

There was no error in excluding the article published in the Waterville Advance. There was no testimony in the case showing or tending to show that the plaintiff had anything to do or any connection with the publication of that article. On the contrary it appears that he first heard of its publication after the publication of the letter complained of in this action. It was not admissible in mitigation or for any other purpose. *Quinby* v. *Minnesota Tribune Co.*, 38 Minn. 528.

GILFILLAN, C. J. A publication calculated to expose one to public hatred, contempt, or ridicule being libelous *per se*, the article for publishing which this action was brought is a libel, not only taken as a whole, but in every paragraph of it, whomsoever

was intended and understood by others to be intended as the object of it; and if it was intended to apply to plaintiff, and was so understood by others, his right of action upon it was complete. He was not named in it, nor is that necessary where the libelous article contains reference to matters of description or to facts and circumstances from which others reading the article may know the plaintiff was intended. The evidence of the circumstances of plaintiff was such, in connection with those referred to in the article, as to make it a question for the jury whether the plaintiff was intended and understood by others to be intended by it.

The article previously published in another newspaper, reflecting on defendant, could be admitted only in mitigation of damages, because furnishing a provocation, upon evidence that plaintiff caused, or had some part in causing, its preparation or publication; and there was no such evidence. The fact that some one had libeled the defendant was no excuse for his libel upon plaintiff.

No other point is raised deserving of particular mention. The appeal is utterly without merit.

Order affirmed.

Buck, J., took no part in this decision.

(Opinion published 58 N. W. 684.)

