JAMES WILKES, Guardian, v. C. SHIELDS.[1]

Nov. 15, 1895.

Nos. 9471—(126).

Libel.

A publication which charges the plaintiff with being "a dangerous, able, and seditious agitator" is a libel, and actionable per se.

Action in the district court for Ramsey county by James Wilkes, guardian ad litem for John Wilkes, a minor, against C. Shields. From an order, Otis, J., overruling a demurrer to the complaint, defendant having consented that the demurrer should be heard on the merits as if the action were brought in the name of John Wilkes by James Wilkes, his guardian ad litem, defendant appealed. Affirmed.

*Dan. W. Lawler,* for appellant.

*McDonald & Barnard,* for respondent.

START, C. J. The complaint in substance alleges that the defendant published of and concerning the plaintiff the charge that he was "a dangerous, able, and seditious agitator." The defendant interposed a general demurrer to the complaint, which was overruled by the district court and from its order this appeal was taken.

As applied to this case, any words published of another, the natural tendency of which is to hold him up to hatred, scorn, contempt, or ridicule, and to beget an evil opinion of him in the minds of right-

[1] Reported in 64 N. W. 921.

thinking persons, and to deprive him of their friendly intercourse and society, are libelous, and actionable per se. A seditious agitator can be neither a good citizen nor a fit associate for honorable men. The obvious meaning of the words "a seditious agitator," as they would naturally be understood by ordinary men when published in reference to another, is that he is a disturber of the public peace and order, a subverter of just laws, and a bad citizen. The publication of such a charge is clearly libelous, and actionable per se. In the pithy language of the learned trial judge: "To say, then, that a person is a dangerous, able, and seditious agitator is to charge him with being a disturber of public tranquility, and guilty of acts, by writings, speeches, or otherwise, tending to the breach of public order, all of which is inimical to good society and the highest and best interests of the people. Such acts and conduct, even in this free country, must make the person therewith charged an object of public distrust, reproach, and contumely, and such charges are clearly defamatory." The actionable quality of the words used in this publication is manifest on its face, and it was not necessary to allege any extrinsic facts and circumstances to show their meaning.

Order affirmed.