DAVID WILCOX v. ALEXANDER MOORE and Others.[1]

June 21, 1897.

69  49
74  89

Nos. 10,611—(174).

**Libel.**

If the facts stated in the alleged libel as to the acts and conduct of plaintiff are true, *held*, the publication was justifiable.

**Same—Comment on Public Officials.**

*Held*, every one has a right to comment fairly, and .with an honest purpose, on the conduct of public officials, and, if the facts so stated are true, a jury would not be warranted in finding that the alleged libel is not a fair comment, with an honest purpose, on the conduct of plaintiff.

**Same—Pleading—Allegation of Falsity of Publication.**

But *held*, it is alleged that the article was falsely composed and published; it is not conceded that such facts are true; they are not presumed to be true; the burden is on defendant to prove their truth; and therefore the complaint states a cause of action.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., sustaining defendants' demurrer to the complaint. Reversed.

*D. W. Bruckart*, for appellant.

*Calhoun & Bennett* and *L. W. Barto*, for respondents.

CANTY, J.

This is an action of libel. Defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and plaintiff appeals from an order sustaining the demurrer.

Plaintiff alleges: That on January 6, 1896, he was the duly elected, qualified, and acting municipal judge of the city of Sauk Center, in this state. That on that day defendants did "falsely, wickedly, and maliciously compose, publish, and insert, and spread upon, and procure to be composed, published, and inserted, and spread upon, the official records of said city of Sauk Center, and in those certain newspapers named 'The Sauk Center Herald' and 'The Avalanche,'

[1] Reported in 71 N. W. 917.

69 M.—4

published in said city of Sauk Center, and circulated among his said neighbors and said other good and worthy citizens, of and concerning this plaintiff in his individual capacity, and as such municipal judge, the following, to wit:

The following resolution was introduced at the city council meeting on Monday evening, January 6, 1896, by Alderman A. Moore:

"Whereas, one David Wilcox was on the third day of April, 1894, at an annual city election in the city of Sauk Center, elected to the office of municipal judge in and for said city of Sauk Center; and

"Whereas, in the month of April, 1895, proceedings were taken by certain of the citizens of Sauk Center to repeal the municipal court of said city, on account of the very limited business transacted in and by said court, in consequence it entails a very large and unnecessary expense to said city, and for further reasons; and

"Whereas, said Wilcox had accepted for his salary as said judge for the months of December, 1894, January, February, March, April, May, June and July, 1895, the sum of $41.66 per month, and, at the time of the proposed repeal of such municipal court act, circulated among the citizens of Sauk Center a petition against the repeal of said act, representing to the people, by printed circular, letter, &c., as hereinafter more expressly set forth, and headed 'Financial Statement,' and in other ways, that he had accepted, and was willing to accept, if said court be continued, the sum of $500 per annum for his salary as such judge, and did accept, in pursuance of said promise so made, the sum of $41.66 per month for the months above stated, thereby affirming and strengthening the impression that he would accept the $500 per year; that said Wilcox has since brought suit against this city for the full amount of salary allowed by law, to wit, $800 per year, in violation of his promise made to the city council and the people of this city, which were made for the sole purpose, as it now appears, only of procuring the signatures of the people of this city against the repeal of the court act, and not for the purpose of lessening the expense to the city and taxpayers of maintaining said court; and said city council has settled said suits so brought by said judge against said city, and paid to said Wilcox his salary of $800 per year, as demanded by him in his complaint, instead of $500 per year, as represented by him to the taxpayers and citizens, as aforesaid; and

"Whereas, the citizens and taxpayers, relying upon the representations of said Wilcox contained in the annexed circular, and upon the promises and representations made by him to sundry persons in accordance therewith, did withdraw their opposition to the continuance of said court, and did practically permit the court act to remain in force, believing that said Wilcox would accept the sum of $500 per annum in full payment for his salary as said judge:

"Therefore, be it resolved, that the city council of said city, duly assembled in session, believing that the judicial system should be

administered by upright and honorable men, and that the conduct of said Wilcox in the matter of salary is highly unbecoming a man, and especially to a judge of a court, and that his conduct aforesaid will reflect on said court, destroying the confidence of the people in said court, to the destruction of its business and the deprivation of the city of its revenues which would naturally flow to it so long as the public had confidence that justice would be fully and fairly dispensed therein, and said council does hereby call upon said Wilcox to resign without delay the office of judge of said court, to the end that said court may be placed in a proper light before the people.

"And, be it further resolved, that this resolution be spread upon the records of this city, and that copies of the same be published in the city newspapers for the information of the electors of this city."

The financial statement referred to in the resolution, and attached to it, states the moneys received (presumptively for fines) in the municipal court, and the salary paid the judge, and contains this statement:

"Upon the basis of $500 yearly salary, which the judge has agreed to accept if the court continues, and which will be adhered to, the account would for the year stand thus:

Earnings of court.................................... $380 35
Salary ............................................. 500 00
                                                    ─────────
    Balance against the city, only.................... $119 65"

It further states that the judge's salary for December, 1894, and January, February, and March, 1895, was $166.66, which is at the rate of $500 per year. Said financial statement purports to be signed, "D. Wilcox, Judge."

If steps were being taken to abolish the court, as stated in the resolution, and plaintiff did all the acts which it is therein stated that he did. and the movement to abolish the court was abandoned by reason of his promise to accept $500 a year as his salary as therein stated, the publication was, in our opinion, perfectly justifiable. The insinuation that he is not an honorable man, contained in the statement "that the judicial system should be administered by upright and honorable men, and that the conduct of said Wilcox in the matter of salary is highly unbecoming a man, and especially to a judge of a court, and his conduct aforesaid will reflect on said court," etc., is merely a conclusion drawn from the facts thereinbefore stated, and any one reading the article must naturally so infer.

Because plaintiff had a legal right to disregard his promise and recover from the city the full amount of his statutory salary, it does not follow that defendants had no right to denounce his conduct as dishonorable. The methods by which a public officer continues to retain his hold on a public office are as much a matter of public concern, and as much subject to public criticism, as the methods by which he originally obtained, or sought to obtain, the office. If he has resorted to a dishonorable trick, it is proper to publish the fact. Every one has a right to comment fairly, and with an honest purpose, on the conduct of public officials. Odgers, Sland. & L. 34, 40, 43. If the conduct of plaintiff is as stated, it cannot be said that the comments in question were not fair and justifiable.

But while respondents argue the case as though it was admitted by the complaint that plaintiff was guilty of the conduct charged, and appellant does not directly or distinctly controvert this position, yet we do not find that appellant has conceded it. It is alleged in the complaint that the resolution was "falsely" composed and published. This means that the whole article is false, except the statement that he is municipal judge. The article is presumed to be false except so far as it is admitted to be true, and the burden is on defendants to prove that it is true. Odgers, Sland. & L. 169. For this reason the complaint stated a cause of action, and the court below erred in sustaining the demurrer.

Respondents contend that the matter is privileged, as it appears that defendants were members of the city council. For the reasons before stated, it does not so appear; but, even if it did, the article is not privileged on this ground, if for no other reason, because they went outside of the line of their official duty in publishing the article in different papers, if, indeed, the resolution was within the scope of their duty as a city council at all.

Order reversed.