SAMUEL TREBBY v. TRANSCRIPT PUBLISHING COMPANY.

October 31, 1898.

Nos. 11,294—(59).

**Libel per se—Error to Submit to Jury Whether Publication was Defamatory.**

A written publication, characterizing a person as disreputable, and charging him with having maliciously published in a newspaper a false report (knowing it to be false) tending to injure the credit of the city in which he lived, is libelous per se, and actionable, unless privileged or justified; and the trial court erred in submitting to the jury the question whether or not the publication was defamatory.

**Denunciatory Resolution of City Council—No Privilege.**

The publication complained of consisted of a resolution of the city council thus denouncing the plaintiff for publishing an alleged false report as to the result and effect of a suit brought by him to enjoin the payment of certain city bonds on the ground that they had been illegally issued. *Held*, that the publication was not privileged, either absolutely or conditionally, because (1) it was not official, but merely published as an item of news; and (2) the resolution itself was not within the scope of the official authority of the city council.

**Same—Justification not Sustained by Evidence.**

*Held*, further, that the evidence did not establish a justification,—at least, not conclusively.

Action in the district court for Morrison county to recover $10,000 for an alleged libel. The cause was tried before Searle, J., and a jury, and a verdict was returned in defendant's favor. From an

order denying plaintiff's motion for a new trial, he appealed. Reversed.

*G. W. Stewart* and *D. T. Calhoun,* for appellant.

We contend upon this appeal, as we did before the trial court, that the article complained of is libelous per se, and that the court should so have instructed the jury. Byram v. Aiken, 65 Minn. 87; Holston v. Boyle, 46 Minn. 432; Dressel v. Shipman, 57 Minn. 23; Wilkes v. Shields, 62 Minn. 426; Cerveny v. Chicago, 139 Ill. 345; Lewis v. Daily, 81 Md. 466; Peterson v. Western U. Tel. Co., 65 Minn. 18. If the publication is obviously defamatory, it is the duty of the trial judge in a civil action to direct the jury as a matter of law that it is a libel per se, and that they must find for plaintiff. Smith v. Stewart, 41 Minn. 7; Sharpe v. Larson, 67 Minn. 428.

On the question of privilege, it may be conceded that the law under which the city of Little Falls is organized empowers the council to pass resolutions and ordinances for the purpose of protecting and promoting the city's credit; but nowhere in it is any authority granted to libel or attack the private character of a private citizen, and if such authority were given it would be void. If a council go out of the scope of its official duty to attack, traduce or libel a citizen, it cannot plead privilege. Privilege can only be claimed of things published within the scope of its authority. Wilcox v. Moore, 69 Minn. 49. See also Buckstaff v. Hicks, 94 Wis. 34; Odgers, L. & S. 260; Quinn v. Scott, 22 Minn. 456; Lowry v. Vedder, 40 Minn. 475; Traynor v. Sielaff, 62 Minn. 420; Landon v. Watkins, 61 Minn. 137.

As defendant did not justify, or attempt to justify, the truth of the publication, it was error to submit the matter to the jury at all. It is elementary that, in order to justify the truth of a publication, such truthfulness must be alleged. Palmer v. Smith, 21 Minn. 419; Thompson v. Pioneer Press Co., 37 Minn. 285.

*Lindbergh, Blanchard & Lindbergh,* for respondent.

To warrant the trial judge in directing a verdict in plaintiff's favor, it is not sufficient that the judge may be satisfied in his mind that the libelous construction is the true one; there must be

absolutely no innocent construction of which the article is fairly susceptible. The principle is no different from that which requires the submission of any other question of fact to the jury when there is a scintilla of evidence upon which to base a verdict. Ward v. Johnson, 57 Minn. 301; Schwartz v. Germania L. Ins. Co., 21 Minn. 215; Klason v. Reiger, 22 Minn. 59; Hawkins v. Sauby, 48 Minn. 69. While the publication in question may, for the purpose of this argument, be conceded to be fairly susceptible of a defamatory meaning, it is also fairly susceptible of an innocent one. The whole publication must be considered together; and a rule of construction, firmly established in reason, precedent and the approval of this court, is that the simple expression of a conclusion based on facts stated which do not amount to a libel is not libelous, although the words in which the conclusion is expressed might be so if they stood alone. Odgers, L. & S. 82; McCarty v. Barrett, 12 Minn. 398 (494); Wilcox v. Moore, 69 Minn. 49; Hollenbeck v. Hall, 103 Iowa, 214.

The defendant insisted at the trial that the publication was privileged, and it seems to us that this position is sustained both by reason and authority. To put it on the most narrow grounds, it was simply the report of the proceedings of the city council, published in the official paper of the city, which is required by law to publish matter required to be published by the resolutions of the council. As to the right of the council to take up matters of this kind, see Wilcox v. Moore, supra. But whether the council had the right or not, and leaving out of question the official character of defendant's paper, the publication was privileged as a fair report of the proceedings of a city council, and a matter of public interest, upon which the people and taxpayers had a right to be informed by the papers, and which was published by defendant without malice and in the performance of its duty. Marks v. Baker, 28 Minn. 162. As to publications concerning public institutions and local authorities, see 13 Am. & Eng. Enc. 328; Kelly v. Tinling, L. R. 1 Q. B. 699; Henwood v. Harrison, L. R. 7 C. P. 606; Davis v. Duncan, L. R. 9 C. P. 396; Cox v. Feeney, 4 F. & F. 13; Palmer v. City, 48 N. H. 211; Miner v. Detroit, 49 Mich. 358; Galligan v Kelly, 31 N. Y. Supp. 561; Eviston v. Cramer, 47 Wis. 659; Boehmer

v. Detroit, 94 Mich. 7. See also Blakeslee v. Carroll, 64 Conn. 223; Meteye v. Times, 47 La. An. 824.

MITCHELL, J.

This was an action for libel. The trial resulted in a verdict for the defendant, and the plaintiff appealed from an order denying his motion for a new trial, made on the grounds: (1) That the verdict was not justified by the evidence; and (2) errors in law occurring on the trial, and duly excepted to.

The facts leading up to the publication of the alleged libel were as follows: The city of Little Falls had issued to a water-power company its bonds to the amount of $25,000 in aid of the improvement of the water power of the Mississippi river at this place, whereupon the plaintiff brought an action to restrain the city treasurer from paying the bonds, and to compel the water-power company to return them, on the ground that they were illegally issued and void. To the complaint in the action the water-power company demurred on the ground that it did not state a cause of action. The demurrer was overruled, and from the order overruling it the water-power company appealed to this court. The bonds having been subsequently surrendered and canceled under some new agreement between the city and the water-power company, this appeal was not prosecuted further, and was finally dismissed by this court for want of prosecution, and judgment for costs rendered against the water-power company. Thereupon the plaintiff caused to be published in a St. Paul paper an article to the effect that the judgment of this court in relation to the bonds was in favor of the plaintiff; that the amount in controversy was $25,000; that this decision rendered the bonds void; that the case had been in contest for some time, and was quite important.

This article having come to the notice of some bankers and brokers in Chicago, they wrote to the mayor of the city, asking for the particulars, and inquiring if the city had started on an era of repudiation, and why the bonds were contested. Thereupon some of the citizens of Little Falls presented a petition to the city council, reciting the facts, and stating that they deemed that the city had been slandered by the publication of the article, and that

action should be taken "to make the truth public, so that the good name of the city should be continued." Thereupon the city council passed the resolution set out in the complaint, in which they characterized the plaintiff as a "disreputable person," and recited that the facts were falsely reported by him to the St. Paul paper with full knowledge of the true facts, that he maliciously and intentionally made a false report, and condemned his conduct as execrable and odious, and as having caused the city irreparable damage. This resolution, preceded by an historical introduction, and headed "The City's Credit" (also set out in the complaint), the defendant published in its newspaper, published in the city of Little Falls and circulated in that city and the surrounding country. This is the publication complained of.

1. We shall spend no time on the question whether this publication was libelous on its face. It was clearly calculated to injure plaintiff in the good opinion and respect of others, and expose him to the contempt and hatred of his neighbors, especially in the city of Little Falls. It was manifestly libelous, unless privileged. Holston v. Boyle, 46 Minn. 432, 49 N. W. 203; Dressel v. Shipman, 57 Minn. 23, 58 N. W. 684; Wilkes v. Shields, 62 Minn. 426, 64 N. W. 921; Byram v. Aiken, 65 Minn. 87, 67 N. W. 807; Peterson v. Western U. Tel. Co., 65 Minn. 18, 67 N. W. 646. The court left it to the jury to determine whether or not the publication was libelous. This was reversible error, unless rendered harmless by other facts in the case. The court ought to have instructed the jury, as a matter of law, that the publication was libelous per se. Smith v. Stewart, 41 Minn. 7, 42 N. W. 595; Sharpe v. Larson, 67 Minn. 428, 70 N. W. 1, 554.

2. Defendant contends that the publication was absolutely privileged, because its paper was the official newspaper of the city, and the city charter (Sp. Laws 1889, c. 8, § 52) required all ordinances and resolutions to be published in the official newspaper before they shall be in force. To this there are several answers: First, the provision of the charter invoked does not seem to apply to resolutions of this character, but merely to ordinances which will have some operative force after they are passed; second, this does not purport to be an official publication, but merely the publication

of an item of news; and, third, the resolution was not within the scope of the duty of the city council, but wholly outside of it, and privilege can only be claimed of things published within the scope of official authority. The city council had no more authority to libel or traduce the private character of a private citizen than an assemblage of private citizens would have. Buckstaff v. Hicks, 94 Wis. 34, 68 N. W. 403; Wilcox v. Moore, 69 Minn. 49, 71 N. W. 917.

Neither was the publication privileged conditionally. A privileged communication is one made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty, and which contains matter which, without the occasion upon which it is made, would be defamatory and actionable. Newell, Defam. 388. If the article published by the plaintiff in the St. Paul paper was calculated unjustly to impair the credit of the city, the city council or the defendant would have a perfect right to publish the actual facts, in order to set the city's credit right before the public, although such facts might reflect on the conduct of the plaintiff, but not to make false and defamatory statements regarding plaintiff's character. Landon v. Watkins, 61 Minn. 137, 63 N. W. 615.

It is true that the publication complained of was, as a matter of news, entirely true; that is, the city council did pass the resolution just as stated by the defendant. But the publication in a newspaper of false and defamatory matter is not privileged because made in good faith as a matter of news. The right to publish through the newspaper press such matters of interest as may be thus properly laid before the public does not go to the extent of allowing the publication concerning a person of false and defamatory matter, there being no other reason or justification for doing so than merely the purpose of publishing news. Mallory v. Pioneer Press Co., 34 Minn. 521, 26 N. W. 904.

The article was not privileged, either absolutely or conditionally.

3. The defendant further contends that it had conclusively established a justification. The answer contained no plea of justification, and we find nothing in the record warranting the conclusion

that any such issue was tried by consent of parties, although the court seems to have submitted to the jury, under the exception of the defendant, the question whether the publication was true or false. · But, waiving that question, the evidence certainly did not conclusively establish a justification. It is elementary that a justification must be as broad as the libel. Conceding that the evidence was conclusive that the article published by the plaintiff in the St. Paul paper was untrue in some of its statements, it was not conclusive that plaintiff was a disreputable person, and that he maliciously published a false report, knowing it to be false. Therefore we find nothing in the record which remedies the error of the court in submitting to the jury the question whether the publication was defamatory and libelous on its face.

Order reversed and new trial granted.