EVERETT W. DAVIS v. GEORGE D. HAMILTON.[1]

| | 85 | 209 |
| | 86 | 284 |

January 10, 1902.

Nos. 12,739—(151).

**Libel—Pleading.**

Whether, in an action for libel based upon a defamatory publication containing several independent libels, plaintiff should plead them as separate causes of action, quære; but, if necessary to so plead them, defendant waives the failure to do so by not seasonably objecting, and by answering to the merits.

**Independent Libels—Reliance on Part—Damages.**

Where such defamatory publication contains several distinct and independent libels, plaintiff may, when the entire article is set out in the complaint, indicate by his allegations an intention to rely exclusively upon a particular portion thereof, and, when such intention is thus shown and indicated, recovery must be confined to the damages resulting from the portion of the libelous article so selected and relied upon.

**Libelous Article—Pleadings.**

Defamatory article set out in the complaint considered, and *held* to be libelous and actionable in three distinct respects, but that the complaint contains no allegations indicating an intention on the part of plaintiff to rely exclusively upon any particular one of such libels.

**Complaint.**

Complaint considered in other respects, and *held* to state a cause of action.

Action in the district court for Becker county to recover $5,000 for libel. From a judgment in favor of defendant, entered upon

[1] Reported in 88 N. W. 744.

85 M.—14

the pleadings pursuant to an order, Baxter, J., plaintiff appealed. Reversed.

*Countryman & Morrison,* for appellant.

*Jeff H. Irish, C. M. Johnston* and *Harris Richardson,* for respondent.

BROWN, J.

Action for libel. Judgment was ordered for defendant on the pleadings in the court below, and plaintiff appealed. The only question for consideration is whether the complaint states facts sufficient to constitute a cause of action; in other words, whether the publication complained of is libelous.

The complaint alleges that plaintiff was at the time of the publication of the alleged libelous article a merchant residing and doing business at the village of Detroit, in this state; that at the time of the publication of the libel he was a candidate before the people of the village for the office of president of the village council, for which office he was duly qualified; that defendant was the proprietor, publisher, and editor of a weekly newspaper named "The Detroit Record," published at the village of Detroit, having a general circulation throughout the village and county; that on March 9, 1900, defendant wilfully and maliciously printed and published in his said newspaper the following false, libelous, and defamatory statements of and concerning plaintiff, namely:

"If anything was needed to bear out the argument we have made to show the danger of permitting the saloon power to control village affairs, it was furnished last Wednesday night in the village caucus. Emboldened by past success, they have now met the issue, and boldly assert that they will control this village, defying all laws, all ordinances, and all authority. They assert that the saloon is the only business that has any right to recognition. The highways and the byways have been scoured, whiskey is flowing as freely as water, and in a caucus of 303 men the saloon forces scored a victory by a majority of 39 votes. John K. West, who has been for many years foremost in every effort to build up the village, who has given more employment to labor and paid the laboring man more money than any other man in Detroit, was defeated by E. W. Davis, who is now an applicant in the bankruptcy court for release from the payment of his just debts; he having wrecked his business and expended his means in defending

himself from prosecutions brought for his open and persistent violations of the laws of the state."

The complaint further alleges that the defamatory article was intended, and was understood by the readers of the paper, to refer to plaintiff, and that the statement therein to the effect that plaintiff had "wrecked his business and expended his means in defending himself from prosecutions brought for his open and persistent violations of the laws of the state" was intended by defendant, and was understood by all the readers of the paper, to mean that plaintiff had been guilty of crimes and misdemeanors, and that such crimes and unlawful acts had been openly and persistently committed by him. The complaint contains other allegations with reference to the circulation of defendant's newspaper, that plaintiff demanded a retraction, and that it was refused. Defendant answered to the merits, and when the cause came on for trial moved for judgment on the pleadings, on the ground that the complaint failed to state a cause of action. The motion was granted, and the order granting it is the only error assigned in this court.

The theory of counsel for defendant appears to be that, though the defamatory article may contain separate and distinct libels, the complaint, fairly construed, shows that plaintiff intended to rely upon but one of them; that the other matters contained in the article are in no manner involved, and are not to be considered in determining the sufficiency of the complaint. This contention is based upon the claim that the pleading specially designates and points out the particular portion of the libelous article of which plaintiff complains, and that the portion so complained of relates solely to the charge that plaintiff had wrecked his business and expended his means in defending himself from prosecutions brought against him for his open and persistent violations of the laws of the state.

Whether, from the fact that the libelous article contains separate, distinct, and independent libels, plaintiff should have pleaded them in his complaint as separate causes of action, we need not determine. Even though it be conceded that there are several charges of misconduct amounting to independent libels, and that they constitute separate causes of action, and should have been so

pleaded, defendant waived the objection by answering to the merits, and not raising it by motion, under the rules of the district court to require them to be so pleaded. Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681; Gardner v. Kellogg, 23 Minn. 463; Christal v. Craig, 80 Mo. 367. That the article complained of does contain three distinct libels is obvious from the mere casual reading. It charges plaintiff (1) with being identified with the saloon power, boldly asserting that he would control the affairs of the village in defiance of all laws, ordinances, and authority; (2) that plaintiff is an applicant in the bankruptcy court for release from the payment of his just debts; and (3) that he has expended his means in defending himself from prosecutions brought against him for his open and persistent violations of the laws of the state.

The law of libel is that any written or printed words are actionable which tend to injure the reputation or good standing of a person, and thereby expose him to public hatred, contempt, or ridicule, or which tend to degrade him in society, lessen him in public esteem, or lower him in the confidence of the community, even though the words do not impute to him the commission of a crime or immoral conduct. Every false and malicious publication which naturally tends to injure a person's character, or lower him in the confidence and respect of his neighbors, is libelous and actionable. Illustrations of the application of this law to particular publications are found in numerous reported decisions of this court. Among others may be cited McDermott v. Union Credit Co., 76 Minn. 84, 78 N. W. 967, 79 N. W. 673; Byram v. Aiken, 65 Minn. 87, 67 N. W. 807; Sharpe v. Larson, 67 Minn. 428, 70 N. W. 1, 554; Trebby v. Transcript Pub. Co., 74 Minn. 84, 76 N. W. 961; Dressel v. Shipman, 57 Minn. 23, 58 N. W. 684; Holston v. Boyle, 46 Minn. 432, 49 N. W. 203; State v. Shippman, 83 Minn. 441, 86 N. W. 431. A false and malicious publication concerning a merchant of language which imports want of credit or a condition of insolvency is defamatory and actionable. Newell v. How, 31 Minn. 235, 17 N. W. 383; Martin Co. Bank v. Day, 73 Minn. 195, 75 N. W. 1115.

Within these authorities, there can be no doubt but that the several portions of the article specially mentioned above are libel-

ous and actionable per se. They tend to expose plaintiff to hatred, contempt, and ridicule, and to impute to him want of character, integrity, business responsibility, and credit. We do not understand counsel for defendant to contend to the contrary. What they do insist upon is that the complaint must be so construed as to limit plaintiff's recovery to the damages sustained by him because of the language of the libelous article charging him with having expended his means in defending himself from prosecutions. The trial court in ordering judgment for defendant treated this as the proper construction of the complaint.

We do not so construe the pleading. In drawing the complaint the pleader evidently deemed this portion of the article ambiguous, and as requiring allegations by way of innuendo, and particular reference was made thereto in the complaint, not for the purpose of indicating an intention to rely exclusively thereon for recovery, but for the purpose of explanation, and to render clear and certain what was deemed of doubtful meaning and import. The pleading is entitled to a liberal construction, and, having set out the libelous article in full, plaintiff should not be confined in his recovery to any particular portion of it, unless an intention to rely upon such portion is so clearly shown that defendant was reasonably justified in preparing his defense upon that theory. We cannot adopt the contention of respondent's counsel in this respect. The allegations of the complaint, fairly construed, do not indicate an intention on the part of plaintiff to rely solely upon this particular portion of the libelous article. And defendant having waived his right to a separate statement of the causes of action, conceding that the article contains more than one, we hold that plaintiff may recover all damages suffered by him by reason and in consequence of every portion of the libel, and the trial in the court below will proceed accordingly.

But conceding, for the purposes of the case, that the position of defendant in this respect is correct, and that the complaint states but one cause of action, namely, for damages resulting to plaintiff because of the charge that he had expended his means in defending himself from prosecutions, it is very clear that the language contained in that portion of the article is defamatory, and conse-

quently actionable, and the court below was in error in holding to the contrary.

The only question to be considered in this connection and on this theory of the complaint is whether the language of the article, to the effect that plaintiff had wrecked his business and expended his means in defending himself from prosecutions brought against him for open violations of the law, charges him with a crime, or tends to disgrace, degrade, or injure his character. The learned trial judge evidently construed the language just referred to as reasonably susceptible of no other construction than merely to the effect that plaintiff had wrecked his business and expended his means in defending himself from prosecutions. If that were the proper construction of the language, and what in its ordinary acceptation might reasonably have been understood therefrom, the court was right. To charge a man with defending himself from prosecutions does not impute to him any crime or tend to disgrace or bring him into disrepute. But the language must be construed, not in a strict literal sense, but in the light of its ordinary acceptation and understanding. The question is, how would persons of ordinary intelligence understand the language? If the charge made in a libel is not direct and certain, but the language and words in their ordinary acceptation and meaning impute a crime or tend to bring their subject into contempt and ridicule, they are libelous.

Adopting this as a proper guide as to the interpretation of the portion of the libelous article now under consideration, it is manifest that the charge there made goes much further than merely to accuse defendant with having expended his means in defending himself from prosecutions. The language, taken in its ordinary sense, and in accordance with common understanding clearly and unquestionably charged plaintiff with having openly and persistently violated the laws of the state,—not merely that he had defended himself from prosecutions, but that he was a lawbreaker. This is obviously defamatory and libelous. So, viewing the complaint from defendant's standpoint, the court below was in error in holding that it fails to state a cause of action.

The judgment appealed from is reversed.