ODELL METCALF v. J. H. COLLINSON.[1]

June 16, 1905.

Nos. 14,393—(134).

**Discharge of Servant.**

Under a general issue for damages in an action for slander by an employee against his employer, it was error to receive evidence of a subsequent discharge of the servant. It was also error to instruct the jury that they might take into consideration the fact of such subsequent discharge, and the manner of its execution.

Action in the district court for Clay county to recover $1000 for slander. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $350. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial ordered.

*Chas. S. Marden,* for appellant.

*C. A. Nye,* for respondent.

LEWIS, J.

Action for slander, in which defendant was charged with having called plaintiff a thief on two different occasions, constituting two separate causes of action.

The answer denied the charge, and in mitigation of damages set forth the circumstances under which the slanderous words, if any, were spoken. The circumstances developed at the trial were that plaintiff was a young man employed by the Great Northern Railway Company at its roundhouse at Barnesville as a common laborer, and defendant was the foreman in charge, to whom plaintiff was accountable. A locomotive fireman running between Barnesville and St. Paul, having lost a pair of gloves on the box of his engine while at Barnesville, obtained leave to search the lockers in the roundhouse used by the men employed there to keep their clothes and other property in, and he found the gloves in the locker used by plaintiff and other employees. Thereupon defendant discharged plaintiff, and thereafter, having been

1 Reported in 103 N. W. 1022.

visited by a labor union committee, in the course of discussing the matter, defendant made the statement that plaintiff was a thief. It was claimed that subsequently, to another committee, he made the same remark. The facts were set up in the answer in mitigation of damages on the theory that defendant was justified in assuming plaintiff guilty. Verdict was returned for plaintiff. Defendant appealed.

1. As a part of plaintiff's case, a witness was called who testified that he was the agent of the Great Northern at Barnesville; that plaintiff had been employed by him subsequent to his dismissal by defendant, and, in answer to an inquiry as to why he discharged him, stated that plaintiff was ineligible, having been discharged at the roundhouse. That part of the evidence referring to the reason for which he was discharged was received under objection. Again, the man who lost the gloves was upon the stand on behalf of the defense to explain the facts in connection with the loss, and his testimony was received upon the theory that it was proper for the defense to show under what circumstances defendant spoke the defamatory words. On cross-examination by plaintiff's attorney he was asked about the custom of hiring men, and stated that when an employee goes to work for another railway he has to take a personal record from the previous company, and he was then asked this question:

> When a man has been discharged for thieving, he would have to disclose that when he got employment again from the company?

The answer was received over the objection that it was not proper cross-examination.

The reception of this testimony was error, for the reason that the matter inquired into was foreign to the issue in the case, and must have tended to confuse the jury as to the real issue. No special damages were pleaded, and the issue was not whether plaintiff had been damaged by reason of the fact of his discharge. Holston v. Boyle, 46 Minn. 432, 49 N. W. 203.

2. In the course of the instruction the court stated to the jury as follows:

> Mr. Collinson [defendant] is a foreman over a large number of men, and he has therefore a good deal of power and control

over the men that are under his charge.  It seems that on a certain occasion information was brought to him that induced him to believe that it was his duty to discharge that boy.  If in discharging him he did anything that showed spite, you would have a right to take that into account.

This was clearly error.  As already stated, the issue was general damages, growing out of the use of the slanderous words.  They were not spoken at the time of the discharge, and there is no natural and proximate connection between the discharge and the words spoken as to make the former admissible under the issue.  The jury must have received the impression that they had a right to take into consideration, in fixing the amount of damages, the fact of the discharge as well as the state of mind of the foreman.

We refrain from reviewing the other assignments of error, as the same may not be repeated.

For the reasons stated, the order appealed from is reversed and a new trial granted.