**Meeja S. WEISSMAN, Respondent,**

v.

**SRI LANKA CURRY HOUSE, INC., Appellant.**

**No. C5–90–2201.**

Court of Appeals of Minnesota.

May 7, 1991.

David M. Anderson, Minneapolis, for appellant.

Gary A. Weissman, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

### FACTS

Meeja Weissman sued Sri Lanka Curry House, her former employer, for defamation after a prospective employer requesting a reference was told that Weissman was "unreliable," "dishonest" and had "walked out." A jury found the statement that Weissman "walked out" was true; the statement that she was "unreliable" was false but not made with actual malice; and the statement that she was "dishonest" was false, was related to her business trade or profession, and was made with

actual malice. The jury awarded her $4,000, and Sri Lanka Curry House appeals. We affirm.

### ISSUES

1. Was the statement that Weissman was dishonest an absolutely privileged expression of opinion under the first amendment?

2. Does an employer's statement that a former employee was dishonest support an action for defamation?

### ANALYSIS

### I

■ On appeal, Sri Lanka Curry House does not challenge any of the jury's factual findings but argues that the characterization of Weissman as dishonest was opinion and, therefore, absolutely privileged under the first amendment. This argument is based on a line of cases interpreting language in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974):

Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact.

(Footnote omitted.) Federal courts have construed this language to mean that statements of fact can be actionable defamation, but statements of opinion cannot. *See, e.g., Janklow v. Newsweek, Inc.*, 788 F.2d 1300, 1302 (8th Cir.1986), *cert. denied* 479 U.S. 883, 107 S.Ct. 272, 93 L.Ed.2d 249 (1986). Minnesota courts also have adopted this interpretation of *Gertz. See Diesen v. Hessburg*, 455 N.W.2d 446, 450 (Minn.1990), *cert. denied* — U.S. ——, 111 S.Ct. 1071, 112 L.Ed.2d 1177 (1991); *Lee v. Metropolitan Airports Comm'n*, 428 N.W.2d 815, 820 (Minn.App.1988).

In *Milkovich v. Lorain Journal Co.*, — U.S. ——, ——, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990), the Supreme Court rejected "the artificial dichotomy between 'opinion' and fact." Explaining that lower courts had misinterpreted the *Gertz* dictum, the Court stated:

[T]he fair meaning of the passage is to equate the word "opinion" in the second sentence with the word "idea" in the first sentence. Under this view, the language was merely a reiteration of Justice Holmes' classic "marketplace of ideas" concept.

Thus we do not think this passage from *Gertz* was intended to create a wholesale defamation exemption for anything that might be labeled "opinion." Not only would such an interpretation be contrary to the tenor and context of the passage, but it would also ignore the fact that expressions of "opinion" may often imply an assertion of objective fact.

*Id.* at ——, 110 S.Ct. at 2705 (citations omitted).

The Court concluded that freedom of expression is adequately secured by existing constitutional safeguards for speech relating to public persons or public issues. *Id.* at ——, 110 S.Ct. at 2706; *see, e.g., Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777, 106 S.Ct. 1558, 1564, 89 L.Ed.2d 783 (1986) (common law presumption that defamatory speech is false cannot be applied when a plaintiff seeks damages from a media defendant for speech of public concern); *Gertz*, 418 U.S. at 342, 94 S.Ct. at 3008 (public officials and public figures may not recover for defamatory falsehoods relating to their public conduct without showing clear and convincing evidence of actual malice).

These additional constitutional safeguards for public persons and public issues have not been extended to private plaintiff/private issue defamation actions. In *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 759, 105 S.Ct. 2939, 2945, 86 L.Ed.2d 593 (1985), a plurality of the Court refused to extend public speech protections to purely private speech, noting that speech on wholly private matters is "of less First Amendment concern."

[T]he role of the Constitution in regulating state libel law is far more limited when the concerns that activated *New*

*York Times* [*v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)] and *Gertz* are absent. In such a case, "[t]here is no threat to the free and robust debate of public issues; there is no potential interference with a meaningful dialogue of ideas concerning self-government; and there is no threat of liability causing a reaction of self-censorship by the press."

*Id.* at 759–60, 105 S.Ct. at 2945–46 (quoting *Harley–Davidson Motorsports, Inc. v. Markley,* 279 Or. 361, 366, 568 P.2d 1359, 1363 (1977)) (citation and footnote omitted).

Because the Supreme Court has not extended constitutional protections for public speech to speech of purely private concern, and because *Milkovich* rejects a separate constitutional privilege for opinion, private plaintiff/private issue defamation actions must be analyzed under state common law principles.[1] *See Roffman v. Trump,* 754 F.Supp. 411 (E.D.Pa.1990); *Lund v. Chicago & Northwestern Transp. Co.,* 467 N.W.2d 366 (Minn.App.1991) (Crippen, J., dissenting).

## II

▉ Minnesota common law makes no distinction between "fact" and "opinion." A communication is defamatory if it causes enough harm to a person's reputation to lower the community's estimation of the individual or to deter others from associating or dealing with the individual. *See Gadach v. Benton County Co-op. Ass'n,* 236 Minn. 507, 510, 53 N.W.2d 230, 232 (1952); *Restatement of Torts* § 559 (1938). Epithets or adjectives can constitute defamation if they imply a specific type of reprehensible conduct. *Restatement of Torts* § 567 comment a; *see, e.g., Uhlman v. Farm, Stock & Home Co.,* 126 Minn. 239, 148 N.W. 102 (1914) (describing plaintiffs as "a precious bunch of crooks" and "as straight as a rail fence and as honest as Ananias" was libelous); *Wilkes v. Shields,* 62 Minn. 426, 64 N.W. 921 (1895)

(statement that plaintiff was "a dangerous, able and seditious agitator" implied antisocial acts and was defamatory).

▉ Under these principles, Sri Lanka Curry House's accusation of dishonesty is actionable defamation. Characterizing Weissman as dishonest implies the commission of specific acts of dishonesty and may have deterred prospective employers from hiring her. The jury found the characterization was false. Although the employer's communications were conditionally privileged, the jury found that the statement that Weissman was dishonest was made with actual malice, defeating the privilege. *See Lewis v. Equitable Life Assur. Co.,* 389 N.W.2d 876, 890 (Minn.1986).

Because the constitutional status of statements of "opinion" has only recently been resolved, we are not convinced that Sri Lanka Curry House's appeal was taken merely for delay. Accordingly, Weissman is not entitled to attorney's fees and costs under Minn.R.Civ.App.P. 138.

### DECISION

Sri Lanka Curry House's statement that Weissman was dishonest was not protected under the Constitution and, under common law principles, was actionable defamation.

Affirmed.

CRIPPEN, Judge, (concurring specially).

Consistent with the analysis in a previous opinion, it is my view that the *Milkovich* Court narrowed the identification of protected opinion but did not eliminate it completely. *See Lund v. Chicago & Northwestern Transp. Co.,* 467 N.W.2d 366, 370 (Minn.App.1991), (Crippen, J., dissenting). Except in this regard, I fully subscribe to the decision and the rationale stated in the lead opinion.

1. We recognize that this analysis differs from that of the majority in *Lund v. Chicago & Northwestern Transp. Co.,* 467 N.W.2d 366 (Minn.App. 1991), but we are convinced that a proper interpretation of the interaction between *Milkovich*

and current first amendment doctrine requires us to analyze purely private defamation actions under Minnesota common law. Sri Lanka Curry House asserts no separate state constitutional protection.