## John B. Quinn *vs.* James G. Scott.

### March 24, 1876.

**Slander—Mitigating Circumstances.**—In an action of slander, facts and circumstances sufficient to create a belief in the truth of the alleged defamatory matter, if neither known nor relied upon as true by the party uttering the slander, cannot be considered in mitigation as tending to repel the inference of malice.

**Same—Gross Incompetency in Magistrate.**—Gross incompetency in a magistrate is not of itself evidence of official corruption or personal depravity, and an erroneous judicial decision, unaccompanied by any fact or circumstance indicating a corrupt or dishonest motive, is wholly insufficient upon which to predicate a charge of criminality or corrupt misconduct in office.

**Same—Belief in Truth of Words Spoken.**—When a party makes a false and slanderous statement against another, not believing it to be true at the time, he is not in a position to raise any question as to the privileged character of such statement, nor as to the admissibility or effect of general rumors and suspicions as to its truth.

Action for slander. Plaintiff was city justice of the city of Faribault. Two horses had been stolen at that city, and one Quackenbush and others had been arrested, on a warrant issued by plaintiff, as the supposed thieves, and brought before plaintiff for examination, and upon such examination discharged. The complaint, after stating these facts, alleges that, immediately after the discharge of the prisoner, the defendant, with intent, etc., falsely and maliciously spoke and published, of and concerning the plaintiff in the exercise of his said office, in the presence and hearing of several citizens named, the false, defamatory and malicious words following, which are set forth in the complaint, with proper innuendoes : " There is no use bringing any horse thieves to this town, for the justice is in the ring just as bad as any of them. I believe Quinn belongs to the gang of thieves. The justice is in the gang and interested with them," etc.

The answer, after admitting the larceny of the horses, and the arrest and examination before plaintiff, as city justice, proceeds : " And after such examination before such justice, and

after having the undisputed testimony of reliable witnesses showing clearly that said Quackenbush had been detected in the theft, * * * said Quackenbush was discharged by said justice, as alleged in the complaint, and allowed to go unpunished. That upon the discharge of said Quackenbush by said justice many of the citizens of Rice county, including defendant—by whose exertions and at whose expense mainly the detection and arrest of said Quackenbush and the recovery of said stolen property had been procured—believing such discharge to be unjust, and that upon the evidence before said justice he ought to have been required to give bail for his appearance to the court, discoursed somewhat, and expressed their opinion as to the propriety of said examination, and of the discharge of said Quackenbush.

" That the defendant is unable to recollect or state the exact words or language used by him on that occasion, further than that defendant did on that occasion give his opinion merely to the effect that said Quackenbush ought not to have been discharged upon the evidence as given at the examination, and that said justice ought to have held him to bail; and that the discharge of Quackenbush, with all the proof which was arrayed against him, might reasonably lead to the belief that said justice was in sympathy with the defendant.

" That nothing was said or uttered by the defendant, on that occasion or any other, with intent to injure him or his reputation in any manner; but whatever was spoken by defendant was without malice or ill-will toward the plaintiff, or any one."

At the trial in the district court for Rice county, before *Lord*, J., the plaintiff had a verdict, on which judgment was entered, and defendant appealed. The exceptions taken at the trial are stated in the opinion.

*Batchelder & Buckham* and *Gordon E. Cole*, for appellant.
*Perkins & Mott* and *George N. Baxter*, for respondent.

CORNELL, J.[1] This case comes before us upon exceptions embodied in a settled case, which purports to contain "a correct and full statement of the evidence, rulings and exceptions on the trial." Among the defendant's requests, the refusal to charge which is now claimed as error, is the following: " That if the conduct of the plaintiff in the examination which had transpired in discharging the party accused was such, in view of all the evidence which had been adduced, as to produce in the mind of a reasonable man, hearing the examination and evidence, a belief that the plaintiff was connected in interest with the gang of which the accused was a member, as charged by the defendant, this would be competent to rebut the presumption of malice in the defendant in speaking the words, and you are entitled to consider it in mitigation."

Facts and circumstances, sufficient to induce in a reasonable man a belief in the truth of the alleged defamatory matter, could by no possibility have influenced the defendant in making the charge, unless brought home to his knowledge, and productive of a like belief on his part; and even though he possessed the information, if he did not in fact rely upon it, nor believe the truth of his accusation when made, it would furnish no evidence in mitigation, as tending to explain *quo animo* the charge was made, and to repel the inference of malice. *Gorton* v. *Keeler*, 51 Barb. 475. Inasmuch as the instruction prayed for, even though in other respects proper, omitted both these elements of knowledge and belief on the part of the defendant, it was rightly refused.

Another alleged ground of error insisted upon here is that portion of the charge given by the court to the jury in these words: "No justification has been shown, in this case, of the language used by the defendant, imputing to the plaintiff misconduct and want of integrity in the dis-

[1] Gilfillan, C. J., did not sit in this case.

charge of his office, and no mitigating circumstances, except the excitement under which the defendant was laboring at the time of speaking.''

As we understand the defendant, the particular portion of this charge to which objection is now made is that part which instructed the jury that no mitigating circumstances had been shown except the excitement of the defendant. It is contended that under it, and the other instructions which were given, no question was left for the consideration of the jury except the fact of such excitement, and whether the defendant actually uttered the defamatory words charged in the complaint; that all questions as to the good faith of the defendant in making the alleged statements, his belief in their truth, whether they were made under circumstances entitling them to be regarded as privileged communications, and the existence of actual malice, were wholly withdrawn from the consideration of the jury.

Under the pleadings no issue was raised as to the truth of the defamatory matter alleged in the complaint, nor was its falsity attempted to be controverted on the trial. No justification whatever was attempted by the defendant, either in his answer or proofs. He simply denied having made the statements attributed to him. Under these circumstances the only proper question for the jury was whether the defendant made the statements as charged in the complaint, and this matter was submitted to them by the court, under instructions requiring them to find, not only that the imputed words were actually spoken by defendant, but were so spoken with the intent to charge, and were understood by his hearers as charging, an indictable offence, and also directing them that the defendant was not liable if " they believed from the evidence that the words used by him were so used, and understood by the hearers, as expressive of the opinion that plaintiff, in the case there tried before him, had merely shown and felt an undue sympathy with the persons accused of stealing

horses, but not that plaintiff had actually stolen horses, or been accessory thereto."

These instructions were certainly as favorable to the defendant as was warranted by the nature of the issue presented and the evidence given under it.    The only matter claimed in mitigation by the answer is that one Quackenbush, at the instance of defendant and others, was arrested and brought before the plaintiff, as an examining magistrate, on a criminal charge of larceny for stealing certain horses and other property ; that though the evidence, upon the examination in support of the charge, was such that the justice ought to have held him for trial, nevertheless he discharged him ; that defendant and others, at the time believing such discharge to be unjust, and the decision of the justice not warranted by the evidence, expressed their opinions as to its propriety, and that the defendant merely expressed the opinion that Quackenbush ought not to have been discharged upon the evidence so given, and that such discharge might reasonably lead to the belief that the justice was in sympathy with the accused party.

It will be seen from this that the only real thing insisted upon by defendant as a mitigating circumstance, to repel the inference of malice arising from the charge that plaintiff was a horse thief, or one of a gang of horse thieves, etc., is the fact that, as a justice of the peace, he made a grossly erroneous judicial decision upon the evidence in the case before him, to which an alleged horse thief was a party—a judgment so palpably contrary to the evidence as to cause severe criticisms upon its propriety by several citizens at the time, and as might reasonably lead to the belief that he was in sympathy with the accused, although defendant himself does not aver the existence of any such belief on his part.

The evidence before us discloses no other mitigating facts or circumstances whatever, save that alluded to by the court in its charge, viz., the excitement under which defendant was laboring at the time he gave utterance to the alleged

slander. In respect to the evidence introduced on the trial, conceding the utmost that can be claimed for it in behalf of defendant, it only tended strongly to show a very erroneous judgment on the part of the plaintiff, as a justice, in discharging Quackenbush upon the testimony before him; but there is nothing, aside from the insufficiency of the testimony to support such judgment, upon which any inference can be predicated in any way reflecting upon his integrity as a magistrate, or his honesty as a citizen, much less that he was connected with a gang of horse thieves. Gross incompetency in a magistrate is not of itself evidence of official corruption or personal depravity, and when, as in this case, this fact alone appears, unaccompanied by any circumstance indicating an improper motive, no inference can be drawn that the magistrate was an accomplice in crime, or guilty of corrupt misconduct in office.

In addition to this, defendant does not in his own testimony claim to have ever believed in the existence of any such criminal conduct on the part of the plaintiff, but bases the opinion which he formed, and the remarks which he made concerning plaintiff, wholly upon the character of the judgment which was rendered upon the evidence which he supposed was introduced on the examination, a portion only of which he had heard. There is nothing in the evidence tending in the least to controvert this portion of defendant's testimony. In view of these facts, under the pleadings, it was the duty of the court to instruct the jury, as it did, that there was no mitigating circumstance shown, except the excitement under which defendant was laboring at the time.

No question properly arises in the case as to the admissibility or effect of general suspicions and current rumors of a like character with the charge, generally prevalent in the community or among the crowd addressed by defendant, and communicated to and repeated by him in the belief that they were true, because there is nothing in the evidence tending

to show the existence of any such suspicions or rumors, or that defendant believed and acted upon any such information in making his slanderous statements.

It is claimed in the argument in behalf of defendant that his alleged defamatory statements were spoken while in consultation with others engaged with him in the attempt to bring to justice a horse thief, who had just been examined and discharged by plaintiff, and while considering the propriety of having him rearrested and reëxamined before another justice; that this was an enterprise or undertaking favored in law, and that defendant's remarks were made use of as to the uselessness of an examination before the plaintiff, and were, therefore, privileged communications, requiring proof of express malice to sustain the action.

To give them this privileged character it must appear that they were spoken by defendant in the discharge of some public or private duty, legal or moral, and with that end and purpose in view, or in the conduct of some matter involving his own interests, and that they were spoken for the protection of such interests, and were relevant and proper in that connection. It must also appear that they were uttered in good faith, and in the honest belief that they were true. *Toogood* v. *Spyring*, 4 Tyrwh. 582; *Swan* v. *Tappan*, 5 Cush. 104; *Gassett* v. *Gilbert*, 6 Gray, 94; *Klinck* v. *Colby*, 46 N. Y. 427. It may well be doubted, also, whether a party would be permitted to avail himself of such a defence on the trial, unless it was sufficiently disclosed by the pleadings to prevent surprise, and fairly to apprise the opposite party of what he would be required to meet. *Gorton* v. *Keeler*, 51 Barb. 475; *Wachter* v. *Quenzer*, 29 N. Y. 547, 553. Be this as it may, however, in the present case there is nothing contained in the pleadings, nor is there any evidence, tending to show the existence of any belief on the part of the defendant, at the time he made the injurious charges, that they were true, or that was proper for the consideration of the jury upon that question.

Hence, whether the occasion furnished any excuse for making the statements, had they been true and been believed by defendant, need not be considered, inasmuch as it is quite clear, upon the facts and circumstances of the case, that this alleged privileged character cannot avail the defendant, either as a partial or full defence.

Judgment affirmed.