STATE v. E. B. FORD.[1]

February 13, 1901.

Nos. 12,301—(16).

### Criminal Libel—Malice—Jury.

In a prosecution for a criminal libel the jury have the right to determine the law as well as the facts involved (G. S. 1894, § 5768), and may infer, in a case where the language of the libel complained of is

[1] Reported in 85 N. W. 217.

scurrilous and abusive, that the same was published from an improper motive and with malicious intent.

## Evidence of Reasonable Cause.

Evidence considered, and *held*, that there was nothing to require the jury to find that the alleged libel was excusable, or published upon reasonable grounds of belief in its truth, or for good motives.

## Justification.

Suspicions and rumors of improper and unlawful conduct by a citizen in a public station will not, as a matter of law, justify a newspaper in giving the same circulation. Publication in such cases must be upon justifiable grounds as well as belief of the truth, and from good motives, to secure immunity to the publisher.

Appeal by defendant from an order of the district court for Rice county, Buckham, J., denying a motion for a new trial. Affirmed.

*Erwin, Ferree & Mead* and *P. J. Kirwin,* for appellant.

*W. B. Douglas,* Attorney General, *John W. Le Crone,* County Attorney, and *Robert Mee,* for respondent.

LOVELY, J.

Defendant was convicted before a justice of the peace of publishing a criminal libel concerning the superintendent of the school for feeble-minded, located at Faribault. He appealed to the district court, where the cause was retried to a jury upon the general plea of not guilty. Defendant was again convicted. He moved for a new trial, which motion was denied. From this order he appeals, upon the whole record, to this court.

We have gone over the alleged libel, which is very lengthy, in connection with the entire evidence, to ascertain whether defendant has any legal ground to support his single contention on this appeal, viz., that the evidence is insufficient to sustain the conviction; and we have had no difficulty in reaching the conclusion that the verdict was right, and the order of the trial court must be affirmed. It is seldom that a court is called upon to consider so defamatory and malignant a mass of personal abuse as is contained in the pages of the sheet published at Faribault by defendant, bearing the name of "The Referendum," and made the basis of the complaint upon which he was, for a libelous attack against the superintendent of one of our most beneficent and useful public

charities, duly and properly convicted. We have no inclination to give further notoriety to this libel, by a reproduction of the whole or any portion of it. Such a course, in view of the many decisions of this court defining and illustrating the law of libel, cannot be necessary for precedent; and we will not unnecessarily add to the pain which might reasonably be suffered by the victim of these unfounded and scurrilous attacks, that seem to have emanated either from malice or a desire of sensation.

The able counsel for defendant, whose skill in behalf of his client has been exercised to its utmost, was most judiciously and prudently required to admit the absolute insufficiency of the proofs to fasten upon the object of this libel anything worthy of being called a justification. At the close of his argument in this court he says, "The defendant has, at no point in this case, attempted to justify by proving the truth in relation to the charges stated by him." But it was attempted to be shown at the trial that numerous rumors had been repeated to defendant, reflecting upon the object of his attacks, as an excuse for the abusive publication. The learned trial court was very liberal in giving the defendant full latitude to show any rumor on which suspicion might rest, and fairly left to the jury the question of defendant's motives. The jury might well have found that the publication complained of was malicious, from the offensive and scurrilous nature of the language in which it was couched. While it pretended to call for an investigation of the conduct of the school for feeble-minded children, it was neither directed to the proper source to which such complaints should be made, nor was it based upon any facts within the knowledge of the defendant that could justify such wholesale abuse of personal character. The most that can be urged in behalf of the defendant is that he had heard reports reflecting upon the prosecutor's character as manager of the institution, and his treatment of its inmates; and, in addition to the libel in the complaint, a number of other gross libels were circulated by him in the Referendum before and after the devoted object of such attacks had invited defendant to investigate fully the manner in which he was performing his duties, and had afforded him ample opportunity to do so.

No one is justified in making havoc upon human character, or publishing in the columns of a periodical for circulation alleged facts resting entirely upon suspicion, rumor, or gossip. It is true that a communication made in good faith, in which the party communicating the same has any interest, or in reference to which he has a duty to perform, public or private, either legal, moral, or social, if made to a person having a corresponding interest, is privileged; but the burden of establishing malice and the intention of the publisher is in such case only changed, and the issue of guilt is still a question for the jury. G. S. 1894, § 6505; Marks v. Baker, 28 Minn. 162, 9 N. W. 678. It has also been held that when a party makes a false and slanderous statement against another, not believing it to be true at the time, he cannot raise the question of its privileged character, nor rely on the admissibility of general rumor and suspicion as to its truth. Quinn v. Scott, 22 Minn. 456. The result of the elementary statement of the law in the two decisions last cited, in effect, effectually forbids any right of this defendant to question the verdict, even if the jury were limited solely to the issues of fact, as in other cases; for, upon the whole evidence, it might well have been a question as to defendant's motives in the publication of these offensive articles, but the jury were judges of the law as well as the facts in this respect. G. S. 1894, § 5768. And it is now too late to criticise the result reached by the jury, or the action of the trial court in refusing to interfere.

Order affirmed.