STATE v. PETER SHIPPMAN.[1]

June 7, 1901.

Nos. 12,671—(184).

| 83 | 441 |
| 85 | 212 |

### Libelous Letter.

A letter for publication containing language that exposes one to obloquy, hatred, or contempt is libelous, under G. S. 1894, § 6496, even though the person against whom it is directed is not charged with a criminal act, or conduct that would subject him to prosecution.

### Innuendo.

The proper purpose of an innuendo in a complaint for libel is to set forth necessary extrinsic facts to point the application of the same or to explain the meaning of doubtful or ambiguous words; but, where the

[1] Reported in 86 N. W. 431.

meaning of the alleged libelous words is clear, unnecessary language in the innuendo, or which is in conflict with the plain terms of the libel itself, may be rejected as surplusage.

### Burden of Proof.

Upon proof of the publication of the libel, the burden is upon the defendant to show that it was published upon grounds of belief in its truth, and for good motives to justify the same, which is a question of fact for the jury, rather than the court.

### Verdict Sustained by Evidence.

Evidence considered, and *held* sufficient to sustain the verdict.

Appeal by defendant from a judgment of the district court for Le Sueur county, Cadwell, J., after trial and conviction upon a charge of criminal libel. Affirmed.

*G. S. Ives*, for appellant.

*W. B. Douglas*, Attorney General, and *W. J. Donahower*, for the State.

LOVELY, J.

Defendant was convicted in the municipal court of the city of Le Sueur of publishing a criminal libel, upon the complaint of one John Sheehy. Defendant appealed to the district court, where he was again convicted. He moved for a new trial upon the ground that the verdict was not justified by the evidence, and for alleged errors of law. This motion was denied, judgment was entered upon the verdict, and defendant appeals therefrom to this court.

The alleged libel was contained in a letter written by defendant as special correspondent at Montgomery of the "Farm, Stock, and Home," a newspaper of general circulation published at Minneapolis. When the letter was received, portions of it were published in the next regular issue of that journal. The part of the letter which embraces the alleged libel purports to give an account of a conviction of third parties for having used false weights, and is in the following language:

"A firm of dealers in live stock at Montgomery, in this county, was recently found guilty in justice court of using false weights. Very criminating testimony was presented against them, such as propping up the scale in one corner with a rock, and an iron bar found under the scale, that had, to all appearances, been used as a

lever to pry the scale. The state sealer found one corner all right, but another corner varied 9½ pounds on his 50-pound standard, another varied 3½ pounds, and the other 5 pounds. This firm has had the monopoly of the live stock buying at Montgomery for years, freezing out all competition, and has grown very rich. It is reported that the case will be appealed to the district court."

Immediately following is the language which it is claimed specifically refers to the complainant, and is libelous:

"It is rumored that one wheat buyer's scale was also found incorrect, but he, being a banker and 'prominent citizen,' was given time to 'regulate' his scale, when it was sealed and reported all right."

The complaint alleges that the above language referred to the complainant, with averments by way of innuendo to explain what was attempted to be charged thereby. It is urged for defendant that the conviction cannot be sustained, upon the ground that the alleged libelous reference to the complainant, John Sheehy, does not, upon fair construction, charge him with the criminal offense of using false weights in violation of the Penal Code (G. S. 1894, § 6758), for the reason that it cannot be inferred in the reference made to complainant that his "incorrect scales" were knowingly used by him as false, which guilty knowledge, it is claimed, is an essential ingredient of the crime of using false weights and measures.

Although only a limited portion of the entire article referred to complainant, yet it was proper to consider the whole together, to ascertain whether, in the ordinary acceptance of the language, a person could doubt its signification. Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98; Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Nord v. Gray, 80 Minn. 143, 82 N. W. 1082. The portion of the article in which the charges against third parties are made might, in the connection in which it is used with the portion referring to complainant, lead to the inference that his incorrect scales were also knowingly and dishonestly used. At all events, it would be a question of fact whether, in the ordinary acceptance of the language, the inference from the portion relat-

ing to him would bear such a construction by reference to the whole.

Clearly, it is not essential, even in civil actions for slander, to show that the slanderous words contained all the legal elements of a crime, if from the words spoken a criminal charge is necessarily inferred. Johnson v. Force, 80 Minn. 315, 83 N. W. 182. But the legal rule governing libels which are written, printed, or effected by signs and effigies is not controlled by the requirement of finding in the same a criminal accusation against the injured person. A libel is defined by statute to be

"A malicious publication by writing, printing, picture, effigy, sign, or otherwise than by mere speech, which exposes any living person * * * to hatred, contempt, ridicule, or obloquy, or which causes or tends to cause any person to be shunned, or avoided, or which has a tendency to injure any person, corporation, or association of persons in his or their business or occupation." G. S. 1894, § 6496.

It is impossible to avoid the conclusion which would be adopted by nine men out of every ten in reading the alleged libelous article, —that complainant was using scales in his business by which those who dealt with him were being defrauded, and that he had an advantage, as a banker and prominent citizen, over less-favored citizens who had violated the law, and had been convicted. Such an inference could not but expose such person to hatred, contempt, and obloquy, and would undoubtedly have a tendency to injure him in his business; hence the writer of the same became amenable to prosecution criminally for a violation of this statute.

The explanation of the meaning of the language of the article applied to the defendant in the complaint, where it sets forth that its purpose was to charge a criminal offense, is not conclusive as to the meaning of the words used, where, as here, the words themselves are not ambiguous. The object of an innuendo is to set forth by necessary averments extrinsic facts,—as in this case, the omitted name of the party against whom the libel is directed,—or to explain the meaning of doubtful words, as in Richmond v. Post, 69 Minn. 457, 72 N. W. 704; but such averments are not useful or controlling where the meaning of the language is plain, and the

explanation of the words of the libel is immaterial or unnecessary, and they do not control the plain meaning of the alleged libel itself, or vitiate the complaint. Gabe v. McGinnis, 68 Ind. 538; Bain v. Myrick, 88 Ind. 137.

Defendant sought to justify the writing of the letter upon proof that he had no personal ill will against the complainant, but had heard from third parties that complainant's scales were not correct. After the production of proof showing the publication of the libel, the burden was upon the defendant to establish such justification, or to show that, in excuse of the same, it was published upon reasonable grounds of belief, and from good motives, which presented an issue of fact for the determination of the jury, who upon that issue were judges of the law and fact. State v. Ford, 82 Minn. 452, 85 N. W. 217.

It follows that the verdict was supported by evidence, and the conclusion of the jury, who were the judges of law as well as of fact, on the issue of justification, must be sustained.

Judgment affirmed.