## JOHN T. CRAIG v. W. C. WARREN.[1]

October 19, 1906.

Nos. 14,860—(27).

**Libel.**

A certain publication *held* to be libelous per se.

**Notice to Retract.**

The statutory notice is sufficient if it declares the entire publication to be false and defamatory, without specifying those particular parts which constitute libelous matter per se.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., overruling the demurrers to the first and third causes of action stated in the complaint. Affirmed.

*Robert C. Saunders,* for appellant.

*Michael B. Hurley* and *L. H. McKusick,* for respondent.

LEWIS, J.

The complaint charged: That appellant was editor and publisher of a certain weekly newspaper known as the "Hinckley Enterprise," edited and published at Hinckley, Minnesota, and generally circulated throughout Pine county. That August 20, 1904, appellant did falsely and maliciously write and publish in such newspaper, of and concerning respondent, false, libelous, and defamatory matter, to wit:

GRAFTERS FOILED.

Last week John Hutton complained to the state game and fish commission that the deer were destroying his and his neighbor's gardens and asked for permission to shoot the deer. He was told that permission could not be granted.

Dan Collins who is well known here and claims to be a deputy state game warden, evidently supposing Hutton would take the law in his own hands, came here immediately after Hutton's letter was published.

Sunday in company with John Craig, he drove out to Hutton's farm. They found evidence enough of deer, but no evidence of any being killed.

[1] Reported in 109 N. W. 231.

According to Mr. Hutton they threatened to arrest him unless he gave them $5. This he refused to do and soon after he was taken to Craig's saloon where another demand was made for money, but the attempt at extortion and blackmail failed as before.

The complaint further charged that August 25, 1904, respondent served a personally signed notice upon appellant publisher, as provided by section 5417, G. S. 1894, in part as follows:

To W. C. Warren:

You are hereby notified that the article published by you in "The Hinckley Enterprise" on the twentieth day of August, 1904, of and concerning the undersigned, and hereinafter particularly mentioned, was and is false and defamatory. Said article was published in said newspaper on the day above mentioned, in the fourth column and on the fifth page thereof, and was as follows: [The article set out in full.]

A similar cause of action was pleaded with reference to the same publication in another newspaper, known as the "Brookpark Press," and each cause of action was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and the following grounds are urged in support of the demurrers: That the notice is not sufficient, and that the complaint fails to identify respondent with the person libeled, and fails to show the libelous nature of the matter complained of with respect to respondent.

1. The article as a whole, if false, is libelous per se. It tended to injure the reputation and good standing of respondent, and expose him to public hatred, contempt, or ridicule. Section 6496, G. S. 1894; Davis v. Hamilton, 85 Minn. 209, 212, 88 N. W. 744; State v. Shippman, 83 Minn. 441, 86 N. W. 431. The headline of the article, "Grafters Foiled," may be considered with the rest of it in determining its general character. Landon v. Watkins, 61 Minn. 137, 63 N. W. 615. The word "grafting" is commonly used to designate an advantage which one person, by reason of his peculiar position of superiority, influence, or trust, exacts from another. We are not aware that the word has ever received any judicial definition, but as applied to the article under consideration it certainly was intended to imply repre-

hensible conduct, if not a crime, on the part of respondent. The complaint also sufficiently shows the application of the article to respondent, and appellant is directly named as the author and publisher of the article, and there is no intimation that any one else is responsible for it. There are no doubtful words or phrases to explain, and the entire article is charged as being false and defamatory, and that appellant is the author and publisher thereof.

2. The notice complies with the statute. The object of a notice is to enable the publisher to retract. The article in question purports to relate an incident, and, although the culminating feature is contained in the last paragraph, the entire story is branded as false by the notice, and the publisher could have no difficulty in determining what he was called upon to retract. It does not follow that because some portions of a published article may not be libelous per se, when considered separately, the notice must specify each particular part which contains the essence of the false and defamatory matter.

Order affirmed.