STATE v. T. F. NORTON.[1]

November 12, 1909.

Nos. 16,252—(29).

**Words Libelous Per Se.**

   A newspaper article, stating, in effect, that a county treasurer, with knowledge that he had no right to do so, withheld as such county treasurer for two years school funds belonging to a school district, during which time he "had the use of the school district's money, either on deposit in the bank in which his son is interested or otherwise," charges malfeasance in office, and is libelous per se.

Defendant was indicted in the district court for Mille Lacs county and charged with the crime of criminal libel. Defendant demurred to the indictment on the ground it did not state a public offense, the demurrer was overruled, and on defendant's request the trial court, Taylor, J., certified the case to this court for its decision of the following question "Is the article quoted in said indictment libelous per se within the meaning of the statute defining criminal libel?" Affirmed.

*George T. Simpson,* Attorney General, *Joseph A. Ross,* County Attorney, and *E. L. McMillan,* for the State.

*Stewart & Brower,* for defendant.

O'BRIEN, J.

The defendant was indicted by the grand jury of Mille Lacs county upon a charge of criminal libel, which consisted in the publication in a newspaper published by defendant of the following article:

"BURRELL TURNS OVER $1,300.
"COUNTY TREASURER PAYS OVER SCHOOL FUNDS OF DISTRICT 17 TO
CHARLES BRANT."

King Burrell, who as county treasurer of Mille Lacs County has withheld school funds belonging to District No. 17 for the past

[1] Reported in 123 N. W. 59.

two years, last week turned over $1,300 to Charles Brant, the lawful treasurer of the district. Just how Mr. Burrell justifies his action in having withheld this money from the district all this time is something that the taxpayers of the district would like to have him explain. There was no question but that Mr. Brant was the lawful treasurer of the district at the time Burrell refused to turn the money due to the district over to him, and in so far as any question of his bonds is concerned there is no change in the least. If Mr. Burrell had any legal or moral right to withhold the funds of the district from Mr. Brant at any time there is as much excuse for it now as there ever was.

"The fact is that Mr. Burrell had no right to withhold these funds from Mr. Brant at any time, and apparently no one knows that better than himself. Mr. Burrell has had the use of the school district's money either on deposit in the bank in which his son is interested, òr otherwise, and he should be compelled to pay interest for its use and also such damage as he has caused the district and Mr. Brant through his failure to turn over the money when it should have been."

A demurrer to the indictment was overruled, and the district judge certified to this court the question: "Is the article quoted in said indictment libelous per se, within the meaning of the statute of the state of Minnesota defining criminal libel?"

To render a printed article libelous, it is not necessary that it accuse a person of wrongdoing with the particularity and exactness to be expected in a well-framed indictment. The test is: What does the language naturally import? How will the language be understood by the ordinary reader? If the language used will convey to the reader's mind a charge that the person referred to in the article has been guilty of conduct which naturally exposes him to hatred, contempt, ridicule, or obloquy, or tends to injure him in his business or occupation, it has the same effect as though it were couched in the technical language of a pleading.

The article in question charges in effect that Burrell, as county treasurer, withheld from school district No. 17 the sum of $1,300,

to which it was entitled, that this action upon his part was to his knowledge without justification, and that during those two years Burrell had the use of the money, either by depositing it in the bank in which his son was interested or in some other way. The article must be understood to charge that Burrell, knowing he had no right to do so, for his own individual use or gain, improperly retained possession, in his official capacity, of public funds which it was his duty to pay over to the proper officer of the school district. If the charge is true, he was guilty of malfeasance in office, which would justify his removal. Sections 2668–2673, R. L. 1905; State v. Peterson, 50 Minn. 239, 52 N. W. 655; State v. Megaarden, 85 Minn. 41, 88 N. W. 412, 89 Am. St. 534; State v. Wedge, 24 Minn. 150; State v. Coon, 14 Minn. 340 (456).

There is no doubt that the official conduct of public officers is a proper subject for public discussion and fair criticism. Their position deprives them of the right to suggest that no public interest attaches to their conduct. Proper discussion and criticism of their acts is not idle gossip, but is, upon the contrary, beneficial to the public service. The only question presented by this record is the one certified by the district court, and it must be answered in the affirmative; for an article charging a public officer with conduct which would constitute malfeasance in office and render him liable to removal under the laws of the state is libelous per se. Larrabee v. Minnesota Tribune Co., 36 Minn. 141, 30 N. W. 462; State v. Shippman, 83 Minn. 441, 86 N. W. 431; Craig v. Warren, 99 Minn. 246, 109 N. W. 231.

Order affirmed.