## WILLIAM L. MAHNKE v. NORTHWEST PUBLICATIONS, INC.

124 N. W. (2d) 411.

October 18, 1963—No. 38,831.

516

*Erickson, Popham, Haik & Schnobrich,* for appellant.

*Oppenheimer, Hodgson, Brown, Wolff & Leach* and *Robert B. Hawkins,* for respondent.

FRANK T. GALLAGHER, C.

This is an appeal from a judgment which dismissed William L. Mahnke's libel action against Northwest Publications, Inc.

Defendant accepts plaintiff's statement of facts as substantially accurate, subject to certain corrections hereinafter noted.

Plaintiff is a detective captain with the Minneapolis Police Department. He brought this action for general damages to his reputation and standing in the community, as a police officer and as an individual, arising out of the publication of an article in the St. Paul Dispatch on January 21, 1960, which, according to plaintiff, charged him with misconduct in the handling of a criminal matter.

The trial court adopted the ruling made at a pretrial conference that the plaintiff's retraction demand to the defendant, which was served pursuant to Minn. St. 548.06, did not comply with the requirement of the statute because it did not appear to specify the particular statements claimed to be libelous. It also ruled that there was material in the article in question which as to plaintiff was libelous per se, but that pursuant to § 548.06 plaintiff is limited in his recovery to special damages.

Plaintiff took exception to that part of the ruling pertaining to the request for a retraction, and defendant excepted to the ruling that the alleged publication was libelous per se.

Counsel for plaintiff then made a statement for the record of what plaintiff's proof would involve. Therein counsel stated that plaintiff would not submit evidence as to any special damages resulting from

the publication of the article in question. Defendant's motion to dismiss was then granted by the trial court.

The corrections in plaintiff's statement of facts which defendant believes should be brought to the attention of this court are briefly these: That the article complained of was not a straight news article in the sense of reporting acts or incidents as facts, but rather was the story of statements made by the executive director of the Catholic Welfare Association, and that it was clear from the article that only the director's version was being recited; that counsel for plaintiff stated, and the order for judgment so specified, that plaintiff had no special damages to prove, but his statement of facts implies that even though evidence of such damages might exist it was not submitted; also, that plaintiff originally complained of two substantially similar articles published in newspapers controlled by defendant and had sent identical retraction demands in reference to each article. To the first demand (the only one we need consider as plaintiff withdrew his complaint as to the second article) defendant replied that it was unable to determine the portions of the article plaintiff wished to have retracted and asked him to specify the slanderous material contained therein, but never received a reply from plaintiff to this request.

Plaintiff's demand on January 28, 1960, for retraction of the St. Paul Dispatch article of January 21 read as follows:

"This is to inform you that we have been retained as attorneys for William L. Mahnke, a captain of the Minneapolis Police Force.

"We hereby give notice that your article printed on the front page of your January 21, 1960, issue of the St. Paul Dispatch included false, scandalous, defamatory, and libelous charges against our client, Captain Mahnke. All charges published therein concerning the conduct, advice, or actions of Mr. Mahnke are noted as matters in this complaint. A photostatic copy of this article is enclosed herewith as Exhibit 'A.'

"It is hereby demanded that you retract in the future the false, scandalous, defamatory, and libelous charges made against Mr. Mahnke in this article."

Thereafter, on February 4, 1960, defendant by its attorneys replied by letter to plaintiff's attorneys, the important part of which read:

"* * * We are unable at this time to determine what portion or portions of the article should be retracted. We feel, and have advised the newspaper that no action can be taken on your demand until and unless you specify the slanderous material in the article."

Plaintiff assigns that the trial court erred in ruling that plaintiff was restricted to the recovery of special damages.

It appears to us that the pertinent legal question is whether plaintiff's notice to defendant demanding a retraction satisfies the requirements of the statute. Minn. St. 548.06 provides in part as follows:

"In an action for damages for the publication of a libel in a newspaper, the plaintiff shall recover no more than special damages, unless a retraction be demanded and refused as hereinafter provided. He shall serve upon the publisher at the principal place of publication, a notice, specifying the statements claimed to be libelous, and requesting that the same be withdrawn. If a retraction thereof be not published * * * he may allege such notice, demand, and failure to retract in his complaint and recover both special and general damages, if his cause of action be maintained. If such retraction be so published, he may still recover general damages, unless the defendant shall show that the libelous publication was made in good faith and under a mistake as to the facts."

Plaintiff argues that his demand for retraction properly specifies the statements claimed to be libelous and should be upheld because it was patterned after demands which have been approved by this court. He cites Craig v. Warren, 99 Minn. 246, 109 N. W. 231, and Uhlman v. Farm, Stock & Home Co. 126 Minn. 239, 148 N. W. 102, as controlling.

The Craig case was an appeal by the defendant from an order of the district court overruling a demurrer to a complaint, which alleged that the editor and publisher of a weekly newspaper "did falsely and maliciously write and publish in such newspaper, of and concerning respondent, false, libelous, and defamatory matter." Under a heading "Grafters Foiled" plaintiff was referred to, with another, as attempting to extort from and blackmail a property owner who had asked for per-

mission, which was refused, to shoot deer which he claimed were destroying his garden. The complaint also charged that plaintiff had served a notice on the defendant as provided by statute, which notice read in part as follows:

"You are hereby notified that the article published by you in 'The Hinckley Enterprise' on the twentieth day of August, 1904, of and concerning the undersigned, and hereinafter particularly mentioned, was and is false and defamatory."

Grounds urged in support of the demurrer were that the notice was not sufficient; that the complaint failed to identify plaintiff with the person libeled and to show the libelous nature of the matter complained of with respect to the plaintiff.

In affirming the trial court in that case, this court said that the article as a whole, if false, was libelous per se as it tended to injure the reputation and good standing of the plaintiff and expose him to public hatred, contempt, or ridicule. It was held that the complaint sufficiently showed the application of the article to plaintiff; that defendant was directly named as the author and publisher of the article; that there was no intimation that anyone else was responsible for it; that there were no doubtful words or phrases to explain, and that the entire article was charged as being false and defamatory. This court further held that the notice complied with the statute; that the article in question purported to relate an incident and, although the culminating feature was contained in the last paragraph, the entire story was branded as false by the notice and the publisher could have no difficulty in determining what he was called upon to retract. This court said (99 Minn. 248, 109 N. W. 231): "It does not follow that because some portions of a published article may not be libelous per se, when considered separately, the notice must specify each particular part which contains the essence of the false and defamatory matter."

Uhlman v. Farm, Stock & Home Co. *supra*, involved a libel suit arising out of an article published by defendant in connection with the sale of a horse by plaintiffs to a group of farmers. The case was tried in district court before a jury, which returned a verdict for the plain-

tiffs. Defendant appealed from an order denying its motion for a new trial. This court reversed and granted a new trial.

Plaintiffs in that case made a demand on defendant for a retraction, which demand read as follows:

"You are hereby notified that the article published by you in 'Farm, Stock and Home' on the 15th day of January, 1912, of and concerning the undersigned, a copy of which is hereto annexed and marked Exhibit 'A' was and is libelous, false and defamatory, and you are hereby requested that the same be withdrawn."

It was claimed that this notice was insufficient to comply with the statute because not all of the language of the article was libelous and the notice did not specify any particular statement as libelous. This court held that the notice was sufficient as the whole article pertained to the same subject matter and was not a long one. The court also said that taking the article and notice together, the publisher could have no difficulty in determining the words containing the "sting" and which it was expected to retract.

A comparison of the notice in the instant case with those in the Craig and Uhlman cases discloses a convincing similarity. The notice in the Craig case stated that the article "was and is false and defamatory." In the Uhlman case the notice read that the article "was and is libelous, false and defamatory." Both of those notices were held sufficient by this court under statutes substantially similar to § 548.06.

In the case before us the notice stated that the article "included false, scandalous, defamatory, and libelous charges." In addition, it specified the particular parts deemed objectionable by the plaintiff, namely, "[a]ll charges published therein concerning the conduct, advice, or actions" of the plaintiff. The retraction demands in the Craig and Uhlman cases did not specify the alleged libelous material with that degree of particularity.

Plaintiff contends that paragraphs 1, 6, and 7 of the article involved contained information on the "conduct, advice, or actions" of the plaintiff. Those paragraphs read as follows:

"A Minneapolis Catholic priest today demanded an official repri-

mand for one of that city's detective captains because he said the police official had refused to arrest a man involved in a serious child-molesting case.

\* \* \* \* \*

"Rev. Meagher said Mahnke 'flew into a rage' when he learned the woman had discussed the case with her parish priest before coming to police and accused her of 'trying to get even with her husband.'

" 'Mahnke told her there was no case and refused to send out detectives to make the arrest,' Father Meagher said today. 'I don't believe police officials should be allowed to set themselves up as judges and juries in the face of such evidence.' "

It is plaintiff's position that the statements contained in these paragraphs describing his "conduct, advice, or actions" form the nucleus of the article and that without them there is no factual basis for the rest of the article. He claims that they are false in their entirety, and he expects to prove this at a trial. He also expects to prove that he did not "refuse to arrest" the alleged offender; that he did not "fly into a rage"; that he did not "accuse the woman of trying to get even with her husband"; that he did not tell her "there was no case"; and that he did not refuse "to send out detectives to make an arrest."

Plaintiff also claims that the portion of the article referring to his conduct, advice, or actions was not so long that the publisher can say that it did not know which words were to be retracted, and that when the notice and article were looked at together no trouble should have been encountered in determining which words "contained the sting."

Defendant insists that plaintiff's demand for retraction did not specify the statements claimed to be libelous and therefore did not meet the requirements of § 548.06. It argues that the standard to be applied is whether the publisher is able to determine accurately what is complained of so that it can formulate a retraction article sufficient to undo any damage. It contends that although the retraction notices in the Craig and Uhlman cases were held sufficient where each of the articles amounted to a single charge, it does not follow that those notices constitute a legal form book from which a notice equally ap-

plicable in all cases can be drawn. The article in the instant case contains many references or statements which can be inferred as applying to the plaintiff. Some of these, according to defendant, are that Father Meagher said that the police official had refused to arrest a man involved in a serious child-molesting case; that Detective William Quady sought permission from Captain Mahnke to arrest the man; that Father Meagher said that Mahnke "flew into a rage"; that Mahnke said there was no case and refused to send out detectives to make the arrest.

Defendant also states that plaintiff now claims that the headline of the article is defamatory, although his notice did not make such a claim. The headline read: "Cop Rebuke in Tot Molesting Urged." It was held in Fullerton v. Thompson, 123 Minn. 136, 143 N. W. 260, that not only the article itself but the title and headlines are to be considered. See, also, Craig v. Warren, *supra*. Plaintiff contends that this point has particular application here where the headline is defamatory, inflammatory, and might be taken to suggest that the plaintiff himself was somehow involved in molesting a child.

It is not indispensable that the demand for retraction specify each particular part of a published article which contains false and defamatory matter. It is sufficient if, from the article and the notice together, the publisher can without difficulty determine the words that contain the sting and which it is expected to retract. Uhlman v. Farm, Stock & Home Co. *supra*; 11 Dunnell, Dig. (3 ed.) § 5535.

The statutory notice is sufficient if it declares the entire publication to be false and defamatory, without specifying those particular parts which constitute libelous matter per se. Craig v. Warren, *supra*; 11 Dunnell, Dig. (3 ed.) § 5535.

It is our opinion that the notice here was sufficient to satisfy the requirements of Minn. St. 548.06. It not only stated that the article included false, scandalous, defamatory, and libelous charges against the plaintiff, but also stated that all of the charges published therein concerning the conduct, advice, or actions of the plaintiff were noted as matters in the complaint.

It seems to us that by reading the article and the notice together

the defendant could without much difficulty determine what the plaintiff considered false, scandalous, defamatory, and libelous, and could have prepared a retraction sufficient to comply with the statute.

The judgment of dismissal is reversed and the case remanded for trial.